STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                           CIVIL ACTION
DOCKET NO. AP-06-38



JAMES P. MOORE,

            Petitioner

        v.                                   ORDER ON 80B APPEAL

CHARLES ABBOTT, ESQ.,
HON. EUGENE BEAULIEU and
MARVIN GLAZIER, ESQ.

           Respondents



Before the Court is Petitioner James P. Moore's ("Petitioner") appeal pursuant to M.R. Civ. P. 80C and 1 M.R.S.A. § 409(1) of Respondents Honorable Eugene Beaulieu, Marvin Glazier and Charles Abbott's ("Respondents") failure to comply with Petitioner's Freedom of Access Act ("FOAA") request.

## BACKGROUND

In 1989, the Office of the Attorney General prosecuted Dennis Dechaine for the murder of Sarah Cherry. This prosecution led to a March, 1989 jury verdict finding Mr. Dechaine guilty of murder, kidnapping and gross sexual misconduct.

Following allegations of prosecutorial and law enforcement misconduct in relation to Mr. Dechaine's case, by letter dated October 23, 2004 Attorney General G. Steven Rowe formally requested that Respondents "conduct an independent and impartial review of these allegations and provide to me a report of your findings, which will be made public." In connection with this review, Attorney General Rowe pledged the cooperation of his Office, including making available public documents related to Mr. Dechaine's prosecution as well as personnel who were involved in the prosecution.

1

The Legislature had no involvement in the authorization of Respondents' independent review, Respondents received no compensation for their time and expenses in conducting the review and, other than describing the scope of the review and providing the cooperation of his Office, the Attorney General had no involvement with how Respondents conducted their review.

At the conclusion of their independent review, Respondents issued a report on August 18, 2006. In that report, Respondents concluded that there was no merit to allegations of prosecutorial or law enforcement misconduct related to Mr. Dechaine's case.

In an August 30, 2006 letter to Respondents, Petitioner made an FOAA request for access to files, records and reports compiled during Respondents' independent review. Petitioner repeated this request by letter dated September 13, 2006. Respondents did not answer or acknowledge either request. Petitioner timely filed this appeal.

## DISCUSSION

Under the FOAA, "every person has the right to inspect and copy any public record." 1 M.R.S.A. § 408(1). Public records are defined in relevant part as "[a]ny written [or] printed . . . matter . . . that is in the possession or custody of an agency . . . of this State or any of its political subdivisions . . . and has been received or prepared for use in connection with the transaction of public or governmental business . . . ." 1 M.R.S.A. § 402(3). Thus, whether the documents requested by Petitioner are public records properly subject to an FOAA request turns on whether Respondents' independent commission is classified as an agency or political subdivision. *See Town of Burlington v. Hosp. Admin. Dist. No. 1,* 2001 ME 59, ¶ 14, 769 A.2d 857, 861.

2

The following four factors are considered in evaluating whether an entity qualifies as a public agency or political subdivision: "'(1) whether the entity is performing a governmental function; (2) whether the funding of the entity is governmental; (3) the extent of governmental involvement or control; and (4) whether the entity was created by private or legislative action.'" *Dow v. Caribou Chamber of Commerce and Indus.*, 2005 ME 113, ¶ 12, 884 A.2d 667, 670 (quoting *Town of Burlington*, 2001 ME 59, ¶ 16, 769 A.2d at 862-63). An entity, however, need not strictly conform to all four factors to be characterized as a public agency or political subdivision. *Id.*

Evaluating each *Dow* factor in turn, it is evident that Respondents do not qualify as a public agency or political subdivision within the meaning of the FOAA. Regarding the first factor in the analysis, in conducting an independent review of whether the government itself had committed misconduct in the prosecution of Mr. Dechaine, Respondents performed no governmental function. Such an outside investigation into alleged government misconduct is as characteristic of action of a public interest group as the government.

It is also clear that Respondents' funding provides no support for classifying them as a public agency. Indeed, Respondents received absolutely no funding from the State or any other source and were not even compensated for out of pocket costs involved in conducting their investigation. Contrary to Petitioner's assertion, the fact that the Attorney General's Office receives public funding is of no import as that is not the entity at issue in this case.

As to the governmental involvement and control factor, there was little to none. The only level of control the Attorney General exercised over Respondents' investigation was in choosing the three Respondents in the first instance and in

3

describing the matter he wished Respondents to investigate. From that point forward, Respondents were free to pursue their investigation with no State control and with no State involvement other than the cooperation of the Office of the Attorney General. As such, this factor weighs in favor of Respondents.

The final *Dow* factor is whether the entity was created by private or legislative action. In the present case, the Legislature was not involved in any way in authorizing Respondents' investigation. Rather, the Attorney General acted privately in requesting Respondents' independent investigation.[1]

Because all four *Dow* factors weigh against classifying Respondents as a public agency or political subdivision for purposes of their independent investigation, the documents requested by Petitioner are not public records subject to the FOAA. Respondents, therefore, properly refused to make those documents available to Petitioner.

Therefore, the entry is:

> Petitioner's appeal is DENIED. Respondents are not a public agency or political subdivision and need not turn over documents related to their independent investigation into the prosecution of Dennis Dechaine to Petitioner pursuant to his FOAA request.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _16th_ day of __July__, 2007.

Robert E. Crowley
Justice, Superior Court

---

[1] Again, contrary to Petitioner's assertion it is irrelevant that the Attorney General's position is a creature of Legislative enactments. The only relevant inquiry for this factor is whether *the entity* in question, in this case Respondents as an investigative team, were created through legislative action. They were not.

4

Date Filed __9-20-06__     __CUMBERLAND__     Docket No. __AP-06-49__

County

Action ___80C APPEAL___

JAMES P. MOORE                 CHARLES ABBOTT, ESQ
                                 HON EUGENE BEAULIEU
                                 MARVIN GLAZIER, ESQ

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JAMES P. MOORE (PRO SE)<br>PO BOX 1032<br>BRUNSWICK ME 04011 | SETH HARROW, ESQ. (BEAULIEU & GLAZIER)<br>PO BOX 919<br>BANGOR ME 04002-0919<br>947-6915<br><br>JOHN COLE, ESQ. (ABBOTT)<br>PO BOX 3200<br>AUBURN, ME 04212-3200<br>784-3200 |

Date of
Entry

2006